## AUTHORIZATION OF BONDS FOR PARK PURPOSES BY VOTE OF THE ELECTORATE.

Common Pleas Court of Hamilton County.

THE CITY OF CINCINNATI v. EDWIN HENDERSON, CLERK, ET AL.*

Decided, May, 1909.

*Municipal Corporations—Construction of the Park Commission Act— With Reference to Bond Issues Authorized by Vote of the People— Provisions of the Longworth Act Control as to Majority Required, When—Constitutionality of the Park Commission Act.*

1. The fact that cities having park commissions are given different and more liberal powers with respect to the issue of bonds for park purposes than are given to cities without such commissions, and that additional methods are provided for the execution of the powers so granted, does not render the park commission act open to constitutional objection.

2. The park commission act does not take from cities having such commissions any of the powers to issue bonds previously conferred under the Longworth act, as amended April 4, 1906 (Revised Statutes, Section 2837).

3. Where a park commission fails to act in accordance with the provisions of the park commission act with reference to a vote by the municipality for a bond issue for park purposes, but in lieu thereof requests council to submit such a vote to the people at a special election to be held for that purpose, and such an election is thereafter held under the provisions of Section 2837, upon an ordinance of council certified to the deputy state supervisor of elections, and not upon a resolution so certified by the park commission itself, the election must be considered as held under the provisions of Section 2837 and to require a two-thirds vote, rather than a majority vote as required under the park commission act.

---

* Affirmed by the Circuit Court without report.

*Edward M. Ballard,* City Solicitor, for plaintiff.
*E. E. Stevens* and *Prescott Smith,* contra.

HUNT, J.

A park commission is created only after the majority of the electors of a city voting upon the question of its creation, at a general election have so voted. So created by the affirmative vote of the majority of the electors, the having of such commission does not constitute a mere incidental, accidental or arbitrary difference or classification in cities, and there is, therefore, no constitutional objection to the giving to cities through such commission different and more liberal powers in the issue of bonds for the purpose of such commission than are given to cities without such commission; nor to the providing of additional methods for the execution of any powers so granted.

The act of May 19, 1908 (99 v. 440), known as the park commission act, does not take from cities having such commission any of the powers as to the issue of bonds already given under the Longworth act as amended April 4, 1906 (98 v. 66).

The requirement in the Longworth act of a two-thirds vote of the electors and the limitations of one, four and eight per cent. in the original act of April 29, 1902 (95 v. 321), applied only to bonds "hereafter issued under the authority of this act"; that is, under the powers given and the procedure provided for in such act. *City of Tiffin* v. *Griffith,* 74 O. S., 219.

The words "hereafter" and "under this act" in subsequent amendments to the Longworth act being mere repetition of the phraseology of the original act, would refer not only to the amendments but to the original act.

When bonds were issued under power given and procedure provided otherwise than by the Longworth act and its amendments, the requirements and limitations of the Longworth act and its amendments did not apply.

By the amendment of April 4, 1906 (98 v. 66), the phraseology was changed as to the four per cent. limitation, and such limitation together with the requirement of a two-thirds vote of electors was extended so as to apply to all "net indebtedness" "for the purpose enumerated" in Section 2835, Revised Stat-

utes, as amended in the Longworth act and incurred after April 29, 1902.

Bonds for park purposes and even bonds for water works, street and sewer purposes, for the issuance of which other statutory provisions existed than in the Longworth act, were all included in such enumerated purpose, and therefore, unless coming within the specific exemptions of the Longworth act, were all apparently within the application of such four per cent. limitation, whether issued under the Longworth act or any other act.

Nevertheless, whatever might be the construction as to prior unrepealed acts giving particular power and providing a distinctly different procedure for its exercise, there is no question but that a subsequent act giving power to issue bonds for a particular purpose and providing a distinctly different procedure for the exercise of such power and a different limitation as to such exercise, should be construed as an exception to the general provision and limitation of the prior Longworth act.

The rule that both the subsequent and prior acts should be so construed that the limitations of both may be given effect has no application where so to do would destroy the manifest purpose of the later act and require an absurdity, i. e., as in this case, two elections at which the same question would be submitted to the people, the first if carried by a majority vote, having no other effect than to require council to submit a second time the same question to the people, to be then determined favorably only by a two-thirds vote. Statutes are sometimes absurd, and if such is the manifest intention, must often be enforced, but the courts are not required by judicial construction to engraft absurdities upon statutory law.

Under Section 6 of the park commission act, if the commissioners pass a resolution declaring it necessary to issue any specific amount of bonds and transmit such resolution to council, if council has not already exceeded the limitations of one and four per cent., it may provide for the issue of bonds under the Longworth act without a vote of the people, but if for want of power by reason of the one per cent. or four per cent. limit having been reached, or for want of willingness to issue bonds

if such limitation has been reached, or if for any other reason "council fail to enact legislation for the issue of such bonds," then the park commission has the right to file its resolution with the Board of Deputy State Supervisors of Elections and request such board "to submit the question of the issuance of the bonds" "to the qualified voters of such city." Compliance by such board with such request of the commission is mandatory. By the express provisions of such act a majority of votes of the electors voting upon the question is sufficient to authorize and require council "to enact within ninety days thereafter all legislation necessary to carry into effect the will of the majority of the voters as such election." Such "will" is not as claimed by the plaintiff in this case, to *again* submit the question of the issuance of bonds to the vote of the people under the Longworth act, but to issue the bonds. "If the majority of the voters decide in favor of the issuance of such bonds" it becomes the duty of council by ordinance or resolution to provide for the "issuance of such bonds."

In the present case, however, the commission did not in the manner prescribed in Section 3, pass the resolution provided for in Section 6 of the park commission act, nor did they certify any "resolution" to council or to the board of deputy state supervisors.

The election that was held in this case was held under the provisions of the Longworth act upon an ordinance of council certified to the deputy state supervisors of elections, and not upon any resolution certified to such board by the park commission. Such election can not, therefore, be construed as having been held under the provisions of the park commission act.

The procedure provided for by the park commission act not having been even substantially followed, the demurrer to the petition herein should be overruled, and as the petition contains all the facts claimed to be necessary for a final disposition of this case, the injunction prayed for therein should be granted.